UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x  07-CV-2142 (MGC)
TYREE DAVIS, ELIZABETH ELOHIM, and MAXINE
VESTERHALT,

**AMENDED COMPLAINT**

Plaintiffs,

**DEMAND FOR JURY TRIAL**

-against-

THE CITY OF NEW YORK, POLICE OFFICER BAHIR
MUSTAFA, Shield No. 8703, DETECTIVE THOMAS
HOURICAN, Shield #7555, DETECTIVE ROBERT
YAEGER, Shield #5676, DETECTIVE TRACY KUPINSKI,
Shield #6863, DETECTIVE THOMAS DRISCOLL, Shield
#7187, and LIEUTENANT RUEL STEPHENSON, 28th
Precinct,

Defendants.
----------------------------------------------------------------x

Plaintiffs TYREE DAVIS, ELIZABETH ELOHIM, and MAXINE VESTERHALT, by their attorneys, Ofodile & Associates, P.C., complaining of the Defendants – THE CITY OF NEW YORK, POLICE OFFICER BAHIR MUSTAFA, Shield # 8703, DETECTIVE THOMAS HOURICAN, Shield #7555, DETECTIVE ROBERT YAEGER, Shield #5676, DETECTIVE TRACY KUPINSKI, Shield #6863, DETECTIVE THOMAS DRISCOLL, Shield #7187, and LIEUTENANT RUEL STEPHENSON, 28th Precinct – upon information and belief, alleges as follows:

## NATURE OF ACTION

1. This is an action at law to redress arrest and imprisonment without probable cause, false arrest and imprisonment, unreasonable search of Plaintiffs' residence, trespass, excessive use of force, assault and battery, charging of crimes without probable cause, and

1

malicious prosecution, in violation of Plaintiffs' rights under the U.S. Constitution, 42 U.S.C. § 1983, and Common Law.

2. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiffs as a result of the intentional, malicious, careless, and negligent acts of the City of New York, and some of its Police Officers.

## JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

4. Venue is proper because the events complained of occurred in the County of New York, which is in the Southern District of New York.

## PARTIES

5. During all times relevant and material to this Complaint, Plaintiff Tyree Davis resided in the State of New York within the jurisdiction of this Court.

6. During all times relevant and material to this Complaint, Plaintiff Elizabeth Elohim resided in the State of New York within the jurisdiction of this Court.

7. During all times relevant and material to this Complaint, Plaintiff Maxine Vesterhalt resided in the State of New York within the jurisdiction of this Court.

8. During all times relevant and material to this case, Defendant City of New York

was a municipal corporation incorporated under the laws of the State of New York.

9. During all times relevant and material to this case, Defendant Police Officer Bahir Mustafa, Shield # 8703, was employed by Defendant City of New York through its Police Department in the 28th Precinct.

10. During all times relevant and material to this case, Defendant Detective Thomas Hourican, Shield #7555, was employed by Defendant City of New York through its Police Department in the Emergency Services Unit, ESS #2.

11. During all times relevant and material to this case, Defendant Detective Robert Yaeger, Shield #5676, was employed by Defendant City of New York through its Police Department in the Emergency Services Unit, ESS #2.

12. During all times relevant and material to this case, Defendant Detective Tracy Kupinski, Shield #6863, was employed by Defendant City of New York through its Police Department in the Emergency Services Unit, ESS #2.

13. During all times relevant and material to this case, Defendant Detective Thomas Driscoll, Shield #7187, was employed by Defendant City of New York through its Police Department in the Emergency Services Unit, ESS #2.

14. During all times relevant and material to this case, Defendant Lieutenant Ruel Stephenson, was employed by Defendant City of New York through its Police Department in the 28th Precinct.

15. During all times relevant and material to this case, the actions of Defendant Police Officer Bahir Mustafa, Detective Thomas Hourican, Detective Robert Yaeger, Detective Tracy Kupinski, Detective Thomas Driscoll, and Lieutenant Ruel Stephenson complained of

herein were done as part of the custom, practice, usage, regulation, and/or direction of Defendant City of New York, and Defendant City is as such responsible for the actions of the individual Defendants.

16. During all times relevant and material to this case, the individual Defendants were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of the individual Defendants under the principal-agent/*respondeat superior* theory.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

17. All conditions precedent for the filing of this action have been complied with: a written Notice of Claim, sworn to by Plaintiffs was served upon Defendant City of New York on or about May 17, 2006 to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the Supreme Court, and was given Claim Numbers 2006PI012997 and 2006PI012998.

18. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the Claim has been neglected or refused.

## FACTS COMMON TO ALL CAUSES OF ACTION

19. This action arose out of incidents that began on March 12, 2006 at approximately 4:00 a.m. at Plaintiffs' residence at 207 Cathedral Parkway, Apt 11, New York, New York. Plaintiffs Tyree Davis and Maxine Vesterhalt are mother and father, respectively, to Plaintiff Elizabeth Elohim.

20. The individual Defendants burst into Plaintiffs' apartment with guns drawn and without a warrant, after they had knocked on the door and requested that the door be opened and

4

Plaintiff Tyree Davis told them that he would not open the door and if they had a warrant they should show it to him.

21. When the individual Defendants burst into their apartment, they had their guns drawn and they pointed the guns at Plaintiffs throughout the approximately 40 minutes that they stayed in the apartment.

22. The individual Defendants assaulted and brutalized each Plaintiff, detained the Plaintiffs against their consent, and restrained their movements against their will.

23. Plaintiff Tyree Davis was knocked down by the individual Defendants, punched and kicked several times requiring him to get medical attention and to receive many stitches to stitch up his lips.

24. In order to prevent the individual Defendants from further brutalizing his father, Plaintiff Elizabeth Elohim threw herself over her father, covering most of his body with hers so that the individual Defendants would stop their unwarranted attacks on him.

25. As Plaintiff Elohim lay on top of her father to stop the individual Defendants from assaulting him, the individual Defendants pulled her by her long hair and stepped on her back. They also stepped on her and her father's hands and feet.

26. The individual Defendants also used a taser gun on Plaintiff Elizabeth Elohim's back two times, causing her undescribable pain and leaving permanent marks on her body. Ms. Elohim still feels pain from the areas where she was tasered.

27. Plaintiff Maxine Vesterhalt was knocked down by the individual Defendants, hit on the back of her head with a gun, handcuffed and kept on the floor. An individual Defendant wearing boots kept his booted foot on her neck, pushing her neck down.

28. Throughout the approximately forty minutes that the individual Defendants were in Plaintiffs' apartment, they had their guns drawn and pointed at each Plaintiff's head.

29. The individual Defendants arrested Plaintiff Elizabeth Elohin and unjustly charged her with one count of Obstruction of Governmental Administration in the Second Degree. She was held, later transported to Central Booking and was not let out until more than 24 hours later.

30. The individual defendants called an ambulance which took Plaintiff Tyree Davis to St. Luke's Roosevelt Hospital where he was treated for serious bruises and contusions and given many stitches in his mouth area.

31. Without just cause or probable cause, the individual Defendants chained Plaintiff Tyree Davis to his hospital bed until after midday when he was released without any charges ever being filed against him.

32. The Police burst into Plaintiffs' apartment without a warrant or probable cause, failed to produce a warrant when Plaintiffs requested that they produce one if they had one so that they (Plaintiffs) would open the door themselves, and searched the apartment and held Plaintiffs hostage without reasonable or probable cause for forty minutes, while threatening Plaintiffs' safety and well being with their drawn guns that were at all times pointed at the Plaintiffs..

33. Plaintiff Maxine Vesterhalt was not charged with any crime after the police invasion of the Plaintiffs' house.

34. The individual Defendants did not recover illegal guns, weapons or other contraband from Plaintiffs' apartment.

35. The actions of the individual Defendants complained of herein were intentional

and malicious and perpetrated without any regard to Plaintiffs' constitutional and common law rights and Plaintiffs are entitled to punitive damages against the individual police officers.

## AS FOR A FIRST CAUSE OF ACTION

36. Plaintiffs repeat and reallege paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37. While acting under color of State law, the individual Defendants broke/barged into Plaintiffs' apartment without a search warrant, without probable cause, and without Plaintiffs' consent, thereby violating Plaintiffs' rights not be subjected to unreasonable searches and seizures, secured to them under the Fourth and Fourteenth Amendments to the U.S. Constitution.

## AND AS FOR A SECOND CAUSE OF ACTION

38. Plaintiffs repeat and reallege paragraphs 1 through 37 as if each paragraph is repeated verbatim herein.

39. While acting under color of State law, the individual Defendants broke/barged into Plaintiff's apartment without a search warrant, without probable cause, and without Plaintiffs' consent and falsely arrested and imprisoned all three Plaintiffs inside their home for approximately forty minutes, thereby violating Plaintiffs' rights not be subjected to unreasonable seizures/arrests without probable cause, secured to them under the Fourth and Fourteenth Amendments to the U.S. Constitution.

## AND AS FOR A THIRD CAUSE OF ACTION

40. Plaintiffs repeat and reallege paragraphs 1 through 39 as if each paragraph is repeated verbatim herein.

41. While acting under color of State law, the individual Defendants used excessive force on each Plaintiff by: constantly pointing their loaded guns at Plaintiffs; hitting, kicking, and beating Plaintiffs; and using a taser gun on Plaintiff Elizabeth Elohim. By using this excessive force on Plaintiffs, the individual Defendants violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments not to be subjected to the use of excessive force.

### AND AS FOR A FOURTH CAUSE OF ACTION

42. Plaintiffs repeat and reallage paragraphs 1 through 41 as if each paragraph is repeated verbatim herein.

43. The individual Defendants further arrested and imprisoned Plaintiff Tyree Davis by chaining him to a hospital bed from approximately 5:00 a.m. until after midday, in violation of Plaintiff Davis' constitutional right under the Fourth and Fourteenth Amendments to the U.S. Constitution not to be arrested/imprisoned without probable cause.

### AND AS FOR A FIFTH CAUSE OF ACTION

44. Plaintiffs repeat and reallage paragraphs 1 through 43 as if each paragraph is repeated verbatim herein.

45. In violation of Plaintiff Elizabeth Elohim's constitutional right under the Fourth and Fourteenth Amendments not to be arrested and imprisoned without probable cause, the individual Defendants further arrested and imprisoned Plaintiff Elizabeth Elohim for more than twenty-four hours on the allegation of Obstruction of Governmental Administration in the Second Degree even though the individual Defendants had no probable cause or warrant to enter Plaintiffs' home, detain Plaintiffs, and brutalize Plaintiff Elohim's father, and Plaintiff Elohim was only trying to stop the individual Defendants from further brutalizing her father.

## AND AS FOR A SIXTH CAUSE OF ACTION

46. Plaintiffs repeat and reallege paragraphs 1 through 45 as if each paragraph is repeated verbatim herein.

47. The individual Defendants invaded Plaintiffs' residence without reasonable cause and without Plaintiffs' permission or consent. In invading Plaintiffs' residence without their consent or permission and without reasonable cause, the individual Defendants trespassed into Plaintiffs' residence in violation of Plaintiffs' common law rights.

## AS FOR A SEVENTH CAUSE OF ACTION

48. Plaintiffs repeat and reallege paragraphs 1 through 47 as if each paragraph is repeated verbatim herein.

49. The individual Defendants falsely arrested and imprisoned all three Plaintiffs inside their home for approximately forty minutes, without Plaintiffs' permission, and thereby violated Plaintiffs' common law right not to be subjected to false arrest and false imprisonment.

## AS FOR AN EIGHTH CAUSE OF ACTION

50. Plaintiffs repeat and reallege paragraphs 1 through 49 as if each paragraph is repeated verbatim herein.

51. The individual Defendants subjected Plaintiffs to unreasonable force/assault and battery without reasonable cause by: constantly pointing their loaded guns at Plaintiffs; hitting, kicking, and beating Plaintiffs; and using a taser gun on Plaintiff Elizabeth Elohim. In doing so, the individual Defendants violated Plaintiffs' common law right not to be subjected unnecessary assault/battery or to be assaulted and battered without reasonable cause.

## AND AS FOR A NINTH CAUSE OF ACTION

52. Plaintiffs repeat and reallage paragraphs 1 through 51 as if each paragraph is repeated verbatim herein.

53. The individual Defendants further arrested and imprisoned Plaintiff Tyree Davis by chaining him to a hospital bed from approximately 5:00 a.m. until after midday, in violation of Plaintiff Davis' common law right not to be subjected to arrest/imprisonment without reasonable cause.

## AND AS FOR A TENTH CAUSE OF ACTION

54. Plaintiffs repeat and reallage paragraphs 1 through 53 as if each paragraph is repeated verbatim herein.

55. In violation of Plaintiff Elizabeth Elohim's common law right not to be arrested and imprisoned without reasonable cause, the individual Defendants further arrested and imprisoned Plaintiff Elizabeth Elohim for more than twenty-four hours on the allegation of Obstruction of Governmental Administration in the Second Degree even though the individual Defendants had no reasonable cause, probable cause, or warrant to enter Plaintiffs' home, detain Plaintiffs, and brutalize Plaintiff Elohim's father, and Plaintiff Elohim was only trying to stop the individual Defendants from further brutalizing her father.

## AND AS FOR AN ELEVENTH CAUSE OF ACTION

56. Plaintiffs repeat and reallege paragraphs 1 through 55 as if each paragraph is repeated verbatim herein.

57. The actions of the individuals Defendants complained of in the Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action herein were done in the course of their employment

and as agents of the City of New York and the City of New York is therefore responsible to the Plaintiffs under the common law principle of *respondeat superior* and principal agent rule.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows:

**For each of the First, Second, Third, Fourth, and Fifth Causes of Action against all individual Defendants, jointly and severally:**

i. general and compensatory damages in an amount that would adequately compensate each Plaintiff for the violation of his/her constitutional rights, and for the physical, emotional, and mental distress he/she suffered;

ii. specific damages for the income that each Plaintiff lost as a result of Defendants' actions;

iii. punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct;

iv. attorneys' fees and the costs and disbursements of this action; and

v. such other relief as the court deems just and proper.

**For each of the Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action, against all Defendants, jointly and severally:**

i. general and compensatory damages in an amount that would adequately compensate each Plaintiff for the violation of his/her common law rights, and for the physical, emotional, and mental distress he/she suffered – against all Defendants, jointly and severally;

ii. specific damages for the income that each Plaintiff lost as a result of Defendants' actions – against all Defendants, jointly and severally;

iii. punitive damages in an amount sufficient to punish each individual Defendant and deter others like them from repeating such unlawful conduct – against all individual Defendants, jointly and severally;

iv. the costs and disbursements of this action – against all Defendants, jointly and severally; and

iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
November 6, 2007

                OFODILE & ASSOCIATES, P.C.
                Attorneys for Plaintiff Tyree Davis, Elizabeth
                Elohim, and Maxine Vesterhalt

                By:    /s/ /b/ Anthony C. Ofodile
                ANTHONY C. OFODILE, ESQ. (AO-8295)
                498 Atlantic Ave.
                Brooklyn, NY 11217
                Tel. No.: (718) 852-8300