UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MAXINE VESTERHALT,

                                                  Plaintiff,          07 Civ. 02142 (MGC)

-against-

THE CITY OF NEW YORK, POLICE OFFICER BAHIR
MUSTAFA, Shield No. 8703, DETECTIVE THOMAS
HOURICAN, Shield #7555, DETECTIVE ROBERT
YAEGER, Shield #5676, DETECTIVE TRACY.
KUPINSKI, Shield #6863, DETECTIVE THOMAS
DRISCOLL Shield #7187, and LIEUTENANT RUEL
STEPHENSON, 28th Precinct,

                                                 Defendants.
------------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO ENFORCE SETTLEMENT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

On June 24, 2009, defendants City of New York, Bahir Mustafa, Thomas Hourican, Robert Yaeger, Tracyann Kupinski, Thomas Driscoll and Ruel Stephenson ("City defendants") served plaintiff Maxine Vesterhalt with a motion to enforce the settlement agreement entered into between plaintiff Vesterhalt and City defendants on November 12, 2008 and subsequently signed by plaintiff. In the alternative, on June 24, 2009, should the Court choose not to enforce the settlement agreement, City defendants also served plaintiff Vesterhalt with a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff cannot maintain any claim of excessive force, (2) defendants Mustafa, Hourican, Yaeger, Kupinski, Driscoll and Stephenson's entry was justified by the emergency circumstances exception to the warrant requirement, (3) plaintiff's false arrest claim should be

1

dismissed because defendants' confinement was privileged, (4) plaintiff Maxine Vesterhalt's claims under New York state law should be dismissed for failure to comply with conditions precedent to suit, and (5) plaintiff fails to state a claim under 42 U.S.C. § 1983 against defendant City of New York.

To date, Plaintiff Vesterhalt failed to serve City defendants with any opposition papers to Defendants' Motion to Enforce Settlement or in the Alternative for Summary Judgment, dated June 24, 2009. As background, by letter dated May 26, 2009, City defendants proposed the following briefing schedule for their motion pursuant to the Individual Practices of the Honorable Miriam Goldman Cedarbaum: (1) defendants' motion papers due on June 10, 2009; (2) plaintiff's opposition papers due on June 24, 2009; (3) defendants' reply papers due on June 30, 2009; and (4) oral argument on July 2, 2009 at 9:30 a.m. On May 27, 2009, counsel for plaintiff Vesterhalt advised counsel for City defendants on the telephone that he could not consent to the proposed briefing schedule because he was going away on vacation when plaintiff's opposition papers were due. Accordingly, the parties consented to the following briefing schedule that City defendants' confirmed by letter dated June 1, 2009: (1) defendants' motion papers due on June 24, 2009; (2) plaintiff's opposition papers due on July 8, 2009; (3) defendants' reply papers due on July 14, 2009; and (4) oral argument on July 16, 2009 at 9:30 a.m. City defendants served their Motion to Enforce Settlement or in the Alternative for Summary Judgment on June 24, 2009. However, to date, plaintiff Vesterhalt has failed to serve any opposition papers to City Defendants' motion.

## STATEMENT OF FACTS

For a complete statement of facts, the City defendants respectfully refer the Court to the City Defendants' Statement of Uncontested Material Facts Pursuant to Local Civil Rule 56.1, dated June 24, 2009. As plaintiff has not submitted any response to the City defendants' motion,

plaintiff has accordingly failed to controvert any statement in the City Defendants' Local Civil Rule 56.1 Statement; accordingly, all such statements should be deemed admitted for the purposes of the City defendants' summary judgment motion. See Local Civil Rule 56.1(c)("Each numbered paragraph in the statement of material facts required to be served by the moving party will be deemed to be admitted for the purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); Stroud v. New York City, 374 F. Supp. 2d 341, 349 (S.D.N.Y. 2005); Berdugo v. City of New York, 03 Civ. 7319 (HB), 2004 U.S. Dist. LEXIS 16870, at *2, n.1 (S.D.N.Y. August 23, 2004) (defendants' statement of undisputed facts made pursuant to Local Civil Rule 56.1 deemed admitted by plaintiff's failure to follow the requirements of Local Civil Rule 56.1(c)).

## ARGUMENT

### THE COURT MAY GRANT CITY DEFENDANTS' MOTION BY DEFAULT

Defendants respectfully submit that because plaintiff Vesterhalt does not address any of defendants' arguments due to plaintiff's complete failure to serve any opposition papers, plaintiff Vesterhalt concedes all of the arguments made by City defendants in their motion. Plaintiff failed to comply with Local Civil Rule 7.1 of the Southern District of New York, which provides as follows:

> Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. <u>Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion by default.</u>

See Local Civil Rule 7.1 (emphasis added). While the rule only specifically mentions that a motion could be denied for failure to comply with its provisions, courts in this district have held

that motions can also be granted due to the opposing party's failure to comply with this rule. See ENH, Inc. v. International Diffusion SRL, 97 Civ. 3202 (LAP), 1997 U.S. Dist. LEXIS 7665, at *1 (S.D.N.Y. June 2, 1997)(plaintiff's failure to file a memorandum of law required by the local rule, standing alone, offers the Court sufficient basis to grant defendant's motion); Scott v. Keane, 1995 U.S. Dist. LEXIS 15785, at *1 (S.D.N.Y. October 26, 1995)(granting defendants' motion to dismiss by default due to plaintiff's failure to submit opposition papers in accordance with the Local Civil Rules of the Southern District of New York); DeJesus v. O'Connor, 897 F. Supp. 131, 133 n.1 (S.D.N.Y. September 5, 1995)("Plaintiff's utter failure to respond to the City's motion" to dismiss warrants dismissal of plaintiff's action pursuant to the Local Rules of the Southern District of New York); cf. Dodson v. Runyon, 957 F. Supp. 465, 468 (S.D.N.Y. 1997)(denying plaintiff's motion for failure to comply with the Local Rules of the Southern District of New York due to plaintiff's failure to submit a memorandum of law); United States v. LaMorte, 940 F. Supp. 572, 575 (S.D.N.Y. 1996)(same). Accordingly, plaintiff's complete failure to respond to defendants' motion in any manner provides the Court with a sufficient basis to grant defendants' motion by default.

## CONCLUSION

For the reasons set forth in their Motion to Enforce Settlement or in the Alternative for Summary Judgment, dated June 24, 2009, and the reasons set forth herein, City defendants respectfully request that the Court (1) enforce the settlement agreement entered into by plaintiff Vesterhalt and City defendants; or (2) in the alternative, dismiss the complaint as against City defendants in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        July 14, 2009

        MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants City of New York, Bahir Mustafa, Thomas Hourican, Robert Yaeger, Tracyann Kupinski, Thomas Driscoll, and Ruel Stephenson
100 Church Street
New York, New York 10007
(212) 788-0893

By: _____
    Philip S. Frank (PF 3319)
    Assistant Corporation Counsel